**UNITED STATES, Plaintiff–Appellee,**

v.

**Elisha William POLLOCK,
Defendant–Appellant.**

**No. 11–10667.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2013.

Filed Sept. 17, 2013.

Angela Walker Woolridge, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jeffrey Glenn Buchella, Esquire, Tucson, AZ, for Defendant–Appellant.

Elisha William Pollock, Florence, AZ, pro se.

Before: McKEOWN and WATFORD, Circuit Judges, and MARBLEY, District Judge.*

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

MEMORANDUM **

Defendant appeals the sentence imposed by the district court for his conviction for making a false statement during the purchase of a firearm. 18 U.S.C. § 924(a)(1)(A). The district court applied a six-level enhancement to Defendant's base offense level for Defendant's previous conviction for a felony crime of violence. Defendant argues the district court erred in applying the enhancement because the offense for which he was previously convicted, second-degree burglary under Arizona law, is not a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2). We review de novo a district court's interpretation of the Sentencing Guidelines. *United States v. Lopez–Patino*, 391 F.3d 1034, 1036 (9th Cir.2004) (per curiam).

Defendant's argument is stymied by this court's decisions in *United States v. Park*, 649 F.3d 1175 (9th Cir.2011), and *United States v. Terrell*, 593 F.3d 1084 (9th Cir. 2010). In *Terrell*, we held that second-degree burglary under Arizona law is categorically a "violent felony" under the Armed Career Criminal Act of 1984 (the "ACCA"), 18 U.S.C. § 924(e). 593 F.3d at 1093. Furthermore, this Court has interpreted the term "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2) in a manner consistent with our interpretation of "violent felony" under the ACCA. *See Park*, 649 F.3d at 1177. Accordingly, we AFFIRM the sentence imposed on Defendant by the district court.

Defendant also contends the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague. This Court recently considered and rejected this argument in

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Spencer,* 724 F.3d 1133 (9th Cir.2013), where we found this attack to be foreclosed by Supreme Court and Ninth Circuit precedent. *Id.* at 2276–77 (citing *Sykes v. United States,* —— U.S. ——, 131 S.Ct. 2267, 2277, 180 L.Ed.2d 60 (2011); *James v. United States,* 550 U.S. 192, 210 n. 6, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007); and *United States v. Crews,* 621 F.3d 849, 852 n. 4, 855–56 (9th Cir. 2010)). Thus, there is no basis for reversal on this ground.

**AFFIRMED.**